Matter of the Estate of Oscar Lewisohn, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Transfer tax — report of appraiser — remainder not properly the sub-
   ject of appraisal — composition agreement.

   Where the order entered on the report of the transfer tax
   appraiser in the estate of a testator who died in 1902, leaving
   the remainder interest in a trust fund to his son with power
   of appointment, provided for the suspension of taxation on
   such remainder and subsequently a composition agreement was
   entered into between the state comptroller and the executors
   with the consent and approval of the attorney-general whereby
   the tax on the remainder interest was fixed, such remainder is
   not properly the subject of appraisal in the estate of the son
   who had exercised the power of appointment, and upon motion
   of his executor the transfer tax appraiser will be directed to
   omit from his appraisal said remainder interest.

   The state comptroller did not exceed his authority in making
   the composition agreement.

Application by executors for an order directing the
transfer tax appraiser to omit from consideration and
appraisal the remainder interest in a trust fund.

Elkus, Vogel, Gleason & Proskauer (Joseph F.
McCloy, of counsel), for executors and trustees of
Oscar Lewisohn, deceased.

Hoadly, Lauterbach & Johnson, for the trustees
of Leonard Lewisohn, deceased.

Lafayette B. Gleason (Schuyler C. Carlton, of coun-
sel), for the State Comptroller.

Charles D. Newton, Attorney-General (E. C. Aiken,
Deputy Attorney-General, of counsel), for New York
State.

Misc.]   Surrogate's Court, New York County, June, 1919.

COHALAN, S.   This application is made by the executors of the estate of decedent for an order directing the transfer tax appraiser heretofore appointed herein, to omit from consideration and appraisal the remainder interest in a trust fund over which decedent was given a power of appointment by the will of his father, Leonard Lewisohn.

The transfer tax appraiser appointed in the estate of decedent's father, who died in 1902, suspended from consideration in his report, the remainder subject to the power of appointment "until it can be definitely ascertained and determined to whom said remainder will ultimately pass." The order entered April 5, 1904, on the report of the appraiser fixing the tax, provided for the suspension of taxation on the remainder.

An agreement was subsequently entered into between the comptroller of the state and the executors, with the consent and approval of the attorney-general, by which the tax on the remainder interests after the life estates of Oscar Lewisohn and the other life beneficiaries under the will of Leonard Lewisohn was fixed and adjusted at the sum of $9,482.87, which was one per cent of the aggregate value of all the suspended remainders as shown by the report of the transfer tax appraiser.

On December 3, 1917, Oscar Lewisohn died, having exercised the power of appointment conferred on him by the will of his father. Subsequently transfer tax proceedings were instituted and an appraiser appointed, to whom the facts above set forth were submitted by the executors as the basis for a request that he eliminate from his appraisal the remainder on which the tax was compromised by the agreement above referred to. The appraiser took the position that, notwithstanding the terms of the contract, the remainder was taxable in the estate of Oscar Lewisohn. The

present application is made as a result of this ruling. The state comptroller on this motion upholds the appraiser and contends that his predecessor in office exceeded his authority in executing the contract.

The execution of the so-called composition agreement appears to be within the scope of the powers conferred by the statute upon the state comptroller. The attorney-general, to whom was given notice of the present application, has submitted a memorandum opinion in which the validity of the agreement is upheld.

The tax which was the subject of the compromise was the tax on the transfer of the remainder interest after the life estate of Oscar Lewisohn. As it has been legally fixed and determined the remainder is not properly the subject of appraisal in this estate.

An order may be entered directing the transfer tax appraiser to omit from his appraisal the property constituting the said remainder interest.

Decreed accordingly.